UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| O. W. BUNKER USA INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-178 |
| | § | |
| BAKKEDAL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT
PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER VENUE**

Pending is Plaintiff's Unopposed Motion to Transfer Venue. (D.E. 6). For the reasons stated below, the undersigned United States Magistrate Judge respectfully recommends the motion be **GRANTED** and the case be transferred to the United States District Court for the Southern District of New York.

**I.  BACKGROUND**

This is a vessel seizure action brought pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions against M/V Bakkedal *in rem.* The case was referred to the undersigned Magistrate Judge for case management, rulings on non-dispositive motions and for furnishing recommendation on all dispositive motions.[1] The action involves Plaintiff's allegations it provided $419,017.47 in marine fuel to the vessel and the invoice remains outstanding and unpaid.

---

[1] *See* Special Order No. C-2013-01.

The parties contract includes a valid forum selection clause which requires any claim to be filed in the United States District Court for the Southern District of New York. (D.E. 6, p. 4). Further, the parties have conferred and consented to the transfer of the case to the Southern District of New York. (D.E. 6, p. 3).

## II.  ANALYSIS

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient).

In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *In re Volkswagen of Am., Inc.* 371 F.3d 201, 203 (5th Cir. 2004).

However, when a valid forum-selection clause purports to govern venue, the clause should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 134 S. Ct. 568, 581 (2013). A court with *in rem* jurisdiction over a defendant can transfer a pending case even if the

case could not have been brought originally in the transferee court. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 25–27 (1960); *In re Int'l Marine Towing, Inc.*, 617 F.2d 362, 364 (5th Cir. 1980). The Supreme Court has expressly approved the transfer of an *in rem* action to a court where the case could not have been brought originally, finding that "the law of admiralty itself is unconcerned about technical distinctions between *in rem* and *in personam* actions for purposes of transferring admiralty actions from one court to a more convenient forum." *Cont'l Grain Co.*, 364 U.S. at 25; *see also In re Int'l Marine Towing, Inc.*, 617 F.2d at 364.

A court has *in rem* jurisdiction for admiralty proceedings if the *res* is present in the district when the suit is filed or during the pendency of the action. See Fed. R. Civ. P. Rule C (Supplemental Rules for Certain Admiralty & Maritime Claims); *Platoro Ltd. v. Unidentified Remains of a Vessel*, 508 F.2d 1113, 1115 (5th Cir. 1975). Accordingly, this court has *in rem* jurisdiction over the M/V Bakkedal because it was located in the Southern District of Texas at the time the verified original complaint was filed. The parties have agreed to the transfer of venue to the Southern District of New York and the case does not present exceptional circumstances which would warrant denying the motion. The case was filed in the Southern District of Texas because that is where the vessel was located when the action was filed. The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

## III. RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Plaintiff's Unopposed Motion to Transfer Venue be **GRANTED**, and the case be case transferred to the United States District Court for the Southern District of New York.

Respectfully submitted this 21st day of April, 2015.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).